IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CASPER PEETE,<br><br>       Petitioner,<br><br>   v.<br><br>WARDEN THOMAS,<br><br>       Respondent. | Case No. 3:11-CV-1203-PA<br><br>ORDER TO DISMISS |

PANNER, District Judge.

This 28 U.S.C. § 2241 habeas corpus action comes before the court on Respondent's Motion to Dismiss (#28) for lack of jurisdiction. For the reasons which follow, the Motion to Dismiss is granted.

**BACKGROUND**

On September 11, 2003, petitioner pleaded guilty in the Central District of Illinois to possessing with intent to distribute more than 5 grams of crack cocaine. On December 22,

1 - ORDER TO DISMISS

2003, the court sentenced petitioner to 151 months imprisonment, a downward departure from the otherwise applicable career offender sentencing guideline range of 188 to 235 months.

Petitioner did not take a timely direct appeal, and his numerous attempts to secure collateral relief were unsuccessful. On October 5, 2011, petitioner filed this 28 U.S.C. § 2241 habeas corpus case. He claims that the duration of his confinement is based, in part, on the improper finding that he committed a crime of violence--Aggravated Battery with a Firearm--a crime for which he was never actually convicted. He also claims that the Fair Sentencing Act of 2010 amended the criminal statute under which he was prosecuted in a way that decriminalized his conduct, leading him to believe that he is unlawfully incarcerated.

## DISCUSSION

A petitioner wishing to obtain federal post-conviction relief from a judgment of conviction is required to bring his collateral attack by filing a motion pursuant to 28 U.S.C. § 2255, whereas petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to 28 U.S.C. § 2241. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 1999). Realizing that § 2241 is not generally accepted as a vehicle by which to challenge the legality of an underlying conviction or sentence, petitioner alleges that he is actually innocent sufficient to invoke the "Savings Clause" or "escape hatch" of 28

2 - ORDER TO DISMISS


U.S.C. § 2255 on the basis that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

A petitioner satisfies the "escape hatch" of § 2255 where he: "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (internal quotation marks omitted). "In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's claim did not become available until after a federal court decision." *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008) (internal quotation omitted). The two factors to consider are: (1) whether the legal basis for petitioner's claim did not arise until the conclusion of his direct appeal and first 28 U.S.C. § 2255 motion; and (2) whether the applicable law changed in any relevant way after the conclusion of the petitioner's first § 2255 motion. *Id.*

In this case, petitioner was charged with Aggravated Battery with a Firearm in 1992, but pleaded guilty to only Aggravated Battery in 1993. Petitioner's Exhibit 1. He argues that his subsequent career criminal enhancement in 2003 for committing a prior crime of violence was improper because Aggravated Battery (without a firearm) is not a qualifying offense for purposes of the career criminal offender enhancement.

3 - ORDER TO DISMISS

As an initial matter, it is difficult to conclude that petitioner is alleging factual innocence sufficient to pass through the "escape hatch" of § 2255 where he does not deny that he committed the crime of Aggravated Battery during which he discharged a firearm and injured another individual. *See Bousley v. United States*, 523 U.S. 538, 559 (1998) (requiring a showing of factual innocence, not legal insufficiency); *Alaimalo v. U.S.*, 645 F.3d 1042, 1047 (9th. Cir. 2011) ("A petitioner is actually innocent when he was convicted for conduct not prohibited by law."); Respondent's Exhibit 1, p. 11. While petitioner focuses on the fact that his guilty plea involved Aggravated Battery *without* the use of a firearm, to demonstrate his actual innocence, he must not only make a showing of factual innocence as to the claim to which he pleaded guilty, but also to any more serious charges that the Government dismissed during the course of plea bargaining. *Bousley*, 523 U.S. at 624. Petitioner has not made a showing of factual innocence as to Aggravated Battery with a Firearm with which he was originally charged.

In addition, petitioner argues that the crime of Aggravated Battery simply cannot constitute a crime of violence for purposes of enhancing his federal sentence. To support this argument, petitioner cites to *U.S. v. Evans*, 576 F.3d 766 (7th Cir. 2009). *Evans*, however, is clearly distinguishable where the offending conduct was "contact of an insulting or provoking nature" with the

4 - ORDER TO DISMISS

victim, *i.e.* pushing. *Id* at 767. The Seventh Circuit's determination that pushing another individual does not constitute a crime of violence for purposes of a sentencing enhancement does not represent any change in the state of the law. In fact, the year after deciding *Evans*, the Seventh Circuit determined that a conviction for Aggravated Battery was a crime of violence within the meaning of the relevant sentencing guideline where the defendant had struck the victim in the face with his fist. *U.S. v. Aviles-Solarzano*, 623 F.3d 470, 474-75 (7th Cir. 2010). Petitioner's actions of injuring another through the use of a firearm are in no way less serious than the violent actions described in *Aviles-Solarzano*.

Finally, petitioner's argument that the Fair Sentencing Act of 2010 decriminalized the conduct for which he is incarcerated also fails. The Fair Sentencing Act does not apply retroactively to persons sentenced before its enactment. *United States v. Reevey*, 631 F.3d 110, 115 (3rd Cir. 2010) (collecting cases); *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010), *cert. denied*, 131 S.Ct. 1706 (2011); *United States v. Washington*, 2011 WL 587166 *1 (D.Or. Feb. 10, 2011); *United States v. Richmond*, 2011 WL 589714 *1 (D.Or. Feb. 9, 2011); *see also United States v. Hall*, 2010 WL 4561363 *3 (9th Cir. Aug. 12, 2010) (concluding in unpublished decision that Fair Sentencing Act does not apply retroactively).

5 - ORDER TO DISMISS

Petitioner in this case fails to qualify for the "escape hatch" of § 2255 because: (1) he fails to allege he is factually innocent; and (2) the law has not changed in any materially relevant way. Consequently, the court lacks jurisdiction to entertain petitioner's § 2241 Petition.

## CONCLUSION

Respondent's Motion to Dismiss (#27) for lack of jurisdiction is GRANTED, and the Petition (#1) is DISMISSED with prejudice to the filing of another 28 U.S.C. § 2241 habeas corpus action raising these claims.

Petitioner's Motions to Take Judicial Notice (#33 & #34) are GRANTED to the extent they have been considered as further briefing.

Petitioner's Motion to Re-Note or Reset (#35) the under advisement date is DENIED as moot.

IT IS SO ORDERED.

DATED this __8__ day of June, 2012.

_Owen M. Panner_
Owen M. Panner
United States District Judge

6 - ORDER TO DISMISS